IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:23-CV-411-FL

| | | |
|---|---|---|
| TRAVIS P. SASSER, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| MICHAEL BURNETT, Trustee, and | ) | |
| BANKRUPTCY ADMINISTRATOR, | ) | |
| | ) | |
| Appellee. | ) | |

This matter is before the court on appeal of a final order of the United States Bankruptcy Court for the Eastern District of North Carolina assessing sanctions against appellant, who is an attorney and a member of the bar of this court, in the amount of $15,000.00 in the proceeding captioned In re: Christine M. Sugar, 19-04279-5-DMW (Jul. 27, 2023). The issues raised have been briefed fully, and in this posture are ripe for ruling. For the reasons that follow, the judgment of the bankruptcy court is affirmed.

## BACKGROUND

Appellant's client, Christine M. Sugar ("debtor"), petitioned for relief under Chapter 13 on September 18, 2019 ("the underlying case"). On her bankruptcy petition, debtor indicated that she owned a condominium ("the property") worth $150,000.00, subject to three liens totaling $117,651.19. She claimed the remaining $32,348.81 in value as exempt pursuant to North

Carolina's homestead exemption, under 11 U.S.C. § 522(b)(3)(A)[1] and N.C. Gen. Stat. § 1C-1601(a)(1). See In re Opperman, 943 F.2 441, 4433-44 (4th Cir. 1991) (referring to these statutory provisions as "the homestead exemption").

The bankruptcy court confirmed the Chapter 13 plan November 22, 2019, which called for debtor to make payments of $203.00 per month for 60 months. Debtor's "applicable commitment period" was 36 months and her projected disposable income as referenced in 11 U.S.C. § 1325(b)(1)(B) was $0.00 per month. (Ch. 13 Plan § 2.5 (DE 9-1 at 60)).[2] The plan provided that property of the estate would vest in appellant upon plan confirmation and stipulated:

> Except as otherwise provided or ordered by the Court, regardless of when property of the estate vests in the Debtor(s), property not surrendered or delivered to the Trustee . . . shall remain in the possession and control of the Debtor(s), and the Trustee shall have no liability arising out of, from, or related to such property or its retention or sue by the Debtor(s). The use of property by the Debtor(s) remains subject to the requirements of 11 U.S.C. Â§ 363 [sic],[3] all other provisions of the Bankruptcy Code, Bankruptcy Rules, and Local Rules.

(Id. § 7.2 (DE 9-1 at 62)).

On June 9, 2022, the bankruptcy administrator "filed a motion requesting a status conference . . . after becoming aware that the [d]ebtor may be planning to sell the [p]roperty without approval of the court." (DE 1-1 at 4). The next day, the bankruptcy court scheduled a status conference to take place June 29, 2022, and debtor filed a motion to sell the property, which motion the bankruptcy court scheduled to be heard on July 7, 2022. However, debtor, through

---

[1] Hereinafter, the court omits reference to Title 11 unless otherwise specified.

[2] See 11 U.S.C. § 1325(b)(4)(A)(i). Page numbers in citations to documents in the record specify the page number designated by the court's electronic case filing (ECF) system, and not the page number, if any, showing on the face of the underlying document.

[3] The court has retained in the quoted text a typographical error in the original.

2

appellant, filed a document June 20, 2022, withdrawing the motion to sell the property. At the status conference, appellant indicated that debtor had already sold the property.

The bankruptcy court thereupon entered an order on July 6, 2022, requiring debtor to appear and show cause why her case should not be dismissed for failure comply with Local Bankruptcy Rule 4002-1(g)(4), which rule provides as follows:

> After filing of the petition and until the plan is completed, the debtor shall not dispose of any non-exempt property having a fair market value of more than $10,000[.00] by sale or otherwise without prior approval of the trustee and order of the court.

Upon conclusion of the hearing held August 17, 2022, the bankruptcy court entered an oral order dismissing debtor's case and imposing a five-year bar upon debtor from filing a petition under any chapter of the United States Bankruptcy Code. That court scheduled an additional hearing to determine whether, as relevant here, additional sanctions against appellant were appropriate.

At the conclusion of that hearing, held November 2, 2022, the bankruptcy court entered an oral order imposing sanctions on appellant in the amount of $10,000.00. Thereafter, on July 27, 2023, the bankruptcy court issued the written order subject of the instant appeal, which memorialized findings of fact and conclusions of law and increased the total amount of sanctions on appellant to $15,000.00, citing additional instances of appellant's "defiance [of] and lack of candor with the court" that had come to light after the hearing held November 2, 2022. (DE 1-1 at 13).

## COURT'S DISCUSSION

A.   Standard of Review

This court has appellate jurisdiction pursuant to 28 U.S.C. § 158(a) to review the bankruptcy court's orders. "An appeal under subsections (a) and (b) of this section shall be taken in the same manner as appeals in civil proceedings generally are taken to the courts of appeals

3

from the district courts." 28 U.S.C. § 158(c)(2). "On an appeal the district court . . . may affirm, modify, or reverse a bankruptcy court's judgment, order, or decree or remand with instructions for further proceedings." Harman v. Levin, 772 F.2d 1150, 1153 n.3 (4th Cir. 1985).[4] "Legal conclusions are reviewed de novo, but findings of fact will only be set aside if clearly erroneous." Schlossberg v. Barney, 380 F.3d 174, 178 (4th Cir. 2004). A finding of fact is clearly erroneous, although there is evidence to support it, when the reviewing court, after carefully examining all the evidence, is "left with the definite and firm conviction that a mistake has been committed." Anderson v. City of Bessemer City, 470 U.S. 564, 573 (1985).

> If the [lower court's] account of the evidence is plausible in light of the record viewed in its entirety, the [appellate court] may not reverse it even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently. Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous.

Id. at 573-74.

B.    Analysis

The bankruptcy court sanctioned appellant on four bases, all of which are supported by the record and applicable authority.

First, 11 U.S.C. § 105 authorizes the bankruptcy court to "tak[e] any action or mak[e] any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process." The bankruptcy court found that sanctions were necessary in this instance to enforce the local bankruptcy rules, including Local Bankruptcy Rule 4002-1(g)(4), and "ensure compliance, not only by [appellant] but all members of the bar." (DE 1-1 at 8).

Second, the bankruptcy court has the "inherent power to impose order" in the cases that come before it," United States v. Shaffer Equip. Co., 11 F.3d 450, 461 (4th Cir. 1993), and may

---

[4]    Internal citations and quotation marks are omitted from all citations unless otherwise specified.

4

use this power when a party "shows bad faith by delaying or disrupting the litigation or by hampering enforcement of a court order." Chambers v. Nasco, Inc., 501 U.S. 32, 46 (1991). The bankruptcy court found that appellant's conduct had hampered enforcement not only of the local bankruptcy rules, but also of that court's November 22, 2019, order confirming the plan.

Third, Federal Rule of Bankruptcy Procedure 9011 imposes certain obligations on attorneys practicing before it. It provides as follows:

> By presenting to the court (whether by signing, filing, submitting, or later advocating) a petition, pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,–
>
> 1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
>
> 2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
>
> 3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> 4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

Fed. R. Bankr. P. 9011(b). The bankruptcy court found that appellant's June 20, 2022, withdrawal of debtor's previous motion seeking court approval to sell the property "was misleading, and it may have been filed for the improper purpose of attempting to avoid court oversight over the sale and the sale proceeds." (DE 1-1 at 12).

Fourth, Local Bankruptcy Rule 9011-3 gives the bankruptcy court the power to sanction "any attorney or party [who] willfully fails to comply with any [l]ocal [b]ankruptcy [r]ule of th[at]

court." The bankruptcy court found that appellant's failure to comply with Local Bankruptcy Rule 4002-1(g)(4) was willful, and sanctioned appellant in part on that basis.

Rather than challenging any of these bases, appellant asserts that his client did not violate Local Bankruptcy Rule 4002-1(g)(4) where the property was exempt from the bankruptcy estate. However, this court already has upheld in a recent appeal of the underlying bankruptcy case the bankruptcy court's findings that the property was part of the estate, and that debtor did violate the local rule.  See Sugar v. Burnett, No. 5:23-cv-082, 2024 WL 1336671 at *5 (E.D.N.C. Mar. 27, 2024).[5]  Accordingly, this argument fails on the basis of the court's prior ruling, and appellant has not raised any basis for reconsidering that ruling.

Appellant additionally argues in his reply brief that sanctions may not be based on his withdrawal of the motion to sell, because the bankruptcy court did not give him notice that withdrawing his motion may lead to sanctions and because it "would be inappropriate to sanction [a]ppellant for withdrawing an unnecessary motion." (DE 22 at 13-14).  However, appellant did not raise this argument as a basis for challenging the bankruptcy court's order in his opening brief on appeal.  Appellant thus waived this argument, in light of the rule that "[c]ontentions not raised in the argument section of the opening brief are abandoned."  Suarez-Valenzuela v. Holder, 714 F.3d 241, 249 (4th Cir. 2013).  Pursuit of an issue in a "reply brief does not redeem [the] failure to" raise that issue in an opening brief.  Yousefi v. U.S. I.N.S., 260 F.3d 318, 326 (4th Cir. 2001).

In any event, appellant otherwise has not demonstrated that any findings of fact by the bankruptcy court are clearly erroneous, nor that the bankruptcy court made any errors of law.  The bankruptcy court's assessment of sanctions in the amount of $15,000.00 based on appellant's defiance of that court, in addition to his "ill-informed advocacy and counseling," is supported by

---

[5] The court cites to the date of signature and filing notwithstanding Westlaw's use of an incorrect date.

the record and the applicable bankruptcy rules. (DE 1-1 at 13). Indeed, appellant's suggestion that he did not have notice that withdrawing debtor's motion to sell may result in sanctions is belied by statements made by counsel for appellee at the November 2, 2022, hearing. (See DE 12 at 22) (arguing for sanctions to be imposed under "Federal Rule of Bankruptcy Procedure 9011, [where appellant] failed to include pertinent facts to the [c]ourt within the motion to withdraw"). Accordingly, the bankruptcy court's order must be affirmed.

## CONCLUSION

Based on the foregoing, the court AFFIRMS the order of the bankruptcy court. Because the facts and legal arguments are adequately presented in the briefs and the record, the court dispenses with oral argument under Federal Rule of Bankruptcy Procedure 8019(b), as argument would not aid significantly in the decisional process. The clerk is DIRECTED to close this case.

SO ORDERED, this the 23rd day of April, 2024.

_____
LOUISE W. FLANAGAN
United States District Judge